IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
|---|---|---|
| v. | : | CRIMINAL ACTION NO. 10-0003 |
| JASON RIVERA | : | |
| Petitioner. | | |

**MEMORANDUM**

Jones, II  J.                                                                                               April 5, 2018

## I.    INTRODUCTION

Petitioner Jason Rivera has filed four *pro se* motions regarding a sentence imposed upon him by the late Honorable James Knoll Gardner.  The first, a Motion to Vacate and/or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 93), alleges Petitioner's sentence is unconstitutional, yet concedes the claim is untimely and waived.  The second, a Motion to Correct Clerical Error Pursuant to Rule 36 (ECF No. 96), alleges that the first page of the Presentence Investigation Report prepared by a probation officer three years prior, mistakenly cited a ten (10)-year mandatory minimum with regard to Count III of the Indictment.  As such, Petitioner seeks to have this clerical "error" corrected for the record.  The third and fourth, Motions for Leave to Amend (ECF Nos. 103, 110), seek to supplement claims presented in Petitioner's §2255 Motion, as well as add new claims.

For reasons that follow, Petitioner's Motions shall be denied.

## II. BACKGROUND

On January 5, 2010, a grand jury in the Eastern District of Pennsylvania returned a five-count Indictment charging Petitioner with Possession With Intent to Distribute Five Grams or More of Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(l)(B) (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two); Possession With Intent to Distribute 50 Grams or More of Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841 (a)(l) and (b)(1)(A) (Count Three); Possession With Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Four); and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The government also filed a Notice of Forfeiture and an Information Charging Prior Offenses.

After six (6) days of hearings regarding Petitioner's pretrial motions, he elected to plead guilty to Counts One through Five of the Indictment. A Change of Plea hearing was held on September 1, 2010—the day trial was set to begin. As part of this written "C Plea" agreement,[1] the government agreed to dismiss the Information charging Prior Felony Drug Convictions Pursuant to 18 U.S.C. §851(a), which would have made the mandatory minimum on Count Three of the Indictment twice as long. (ECF No. 89.) The plea agreement also contained a recommendation by both sides that the court impose a sentence of 240 months imprisonment. Had Petitioner proceeded to trial and been convicted on all counts, he would have been facing a guideline range of 360 months to life imprisonment.

---

[1] *See* Fed.R.Crim.P. 11(c)(1)(c) (form of plea in which the government "agree[s] that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)" in exchange for a guilty or nolo contendere plea by the defendant).

At Petitioner's sentencing on February 9, 2011, Judge Gardner accepted the recommended term of 240 months imprisonment, which included a term of 180 months on Counts One, Three, Four, and Five, followed by a consecutive term of 60 months on Count Two.[2] Petitioner did not appeal his sentence. Instead, he submitted the instant § 2255 Motion, which was signed by Petitioner on June 19, 2014 and filed of record on June 23, 2014. In said Motion, one issue is presented for this Court's consideration: whether—based upon his prior drug convictions in New Jersey and New York—the Armed Career Criminal Act enhancement should have been applied by the court when sentencing Petitioner.

### III. STANDARDS OF REVIEW

#### A. Motion to Vacate, Set Aside, and/or Correct Sentence Under 28 U.S.C. § 2255

A Motion to Vacate, Set Aside, and/or Correct Sentence under 28 U.S.C. § 2255 may be granted when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). However, §2255 contains a one-year statute of limitations, which starts from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The instant offense occurred July 11, 2008; therefore, both the Sentencing Reform Act of 1984 and the Antiterrorism and Effective Death Penalty Act of 1996 were applied. The edition of the Sentencing Guidelines Manual used to calculate the guidelines in the presentence investigation report was that incorporating amendments effective November 1, 2010, including the temporary, emergency amendments implementing the Fair Sentencing Act of 2010, effective November 1, 2010, as there were no *ex post facto* issues.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

When assessing a §2255 Motion, the court must grant an evidentiary hearing when the records in the case are "inconclusive on the issue of whether movant is entitled to relief." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (citing *Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001)). "The standard governing . . . requests [for evidentiary hearings] establishes a reasonably low threshold for habeas petitioners to meet." *Id.* (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989). A §2255 Motion "can be dismissed without a hearing [only] if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. McCoy*, 410 F.3d at 134 (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Finally, with specific regard to situations such as this where Petitioner pleaded guilty, the Third Circuit has held that a waiver of appellate rights or rights to collaterally attack a conviction or sentence shall be enforced so long as it was entered knowingly and voluntarily and enforcement of the waiver would not create a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

### B. Motion to Correct Clerical Error Pursuant to Fed.R.Crim.P. 36

The standard for assessing a Rule 36 Motion has been set forth as follows:

> Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 is limited in scope: "[a] court's authority under Rule 36 is limited to the correction of clerical errors in the judgment . . . which involve[] a failure to accurately record a statement or action by the court or one of the parties." *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005). Rule 36 also empowers the Court to correct "errors arising from oversight or omission," which are then "generally corrected to conform to the intention of the court or parties at the time the error was made, which may not be reflected in their recorded statements." *Id*. at 277 n.4 (3d Cir. 2005).

*Winkelman v. United States*, Crim. No. 01-0304, 2015 U.S. Dist. LEXIS 178797, at *1-3 (M.D. Pa. Apr. 15, 2015).

### C. Motion for Leave to Amend

As our sister court succinctly explained:

> "The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). As such, generally a party may amend his habeas motion "as a matter of course" prior to the Government's filing of a response. Fed. R. Civ. P. 15(a)(1); *see also Mayle v. Felix*, 545 U.S. 644, 663, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). However, a one year limitations period also applies to § 2255 motions. See 28 U.S.C. § 2255(f); *see also Mayle*, 545 U.S. at 662. When a petitioner seeks to file an untimely amendment to a timely filed § 2255 motion, generally the court may permit such an amendment only when the amendment "relates back" to the original motion under Federal Rule of Civil Procedure 15(c). *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). In *Mayle v. Felix*, the Supreme Court clarified that new claims can relate back if they arise from the "same conduct, transaction, or occurrence" described in a timely filed § 2255 motion. 545 U.S. at 664. The *Mayle* Court further explained that, in the habeas context, the "same conduct, transaction, or occurrence" means that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*.

*United States v. Kraeger*, Crim. No. 11-84, 2017 U.S. Dist. LEXIS 22503, at *2 (M.D. Pa. Feb. 16, 2017). Therefore, the relation back theory shall not apply to instances in which "the petition

was [un]timely filed and the proposed amendment [seeks] to add a new claim or to insert a new theory into the case" or "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *United States v. Rashid*, Crim. No. 08-493, 2017 U.S. Dist. LEXIS 95316, at *12 (E.D. Pa. June 20, 2017).

## IV. DISCUSSION

### A. §2255 Motion

#### 1. Waiver

Petitioner herein concedes that pursuant to his plea agreement, he has waived the right to contest his sentence. (Pet'r's Mot. Vac. 3.)[3] However, he argues ineffectiveness (discussed below) and confusion should excuse waiver.

In cases such as this involving allegations of a sentencing error, the Third Circuit has adopted a specific standard for determining whether a plea waiver may be excused. In particular, the following factors are to be considered:

> The clarity of the error, its gravity, its character (*e.g.*, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. *Teeter*, 257 F.3d at 25-26. These factors provide some guidelines for determining when a particular sentencing error may warrant vacating an otherwise valid waiver of appeal. But the governing standard to apply in these circumstances is whether the error would work a miscarriage of justice.

*United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

With respect to Petitioner's knowing and voluntary waiver of his rights, the colloquy administered by Judge Gardner on the record speaks for itself. (Plea Hr'g Tr. 6-158.) However,

---

[3] This Court has also reviewed Petitioner's Reply to the Government's Response. (ECF No. 101.) Said Reply does not offer anything that would alter the result regarding waiver.

this Court particularly notes the following exchange:

> THE COURT: In your written Guilty Plea Agreement, you have given up entirely your right to file a collateral appeal. Therefore, even if your federal constitutional rights or other important federal rights were violated by my sentence or by your imprisonment, you cannot file a Petition for Writ of Habeas Corpus or any other type of collateral appeal. However, as we already discussed, you do not give up the right to assert any constitutional claims that the relevant case law says cannot be given up. Do you understand that?
>
> DEFENDANT: (Indicating.)
>
> THE COURT: Yes, you may talk with your lawyer. The record may reflect that counsel and the defendant are conferring privately and off the record.
>
> \* \* \* \*
>
> MR. COOPER: Can you repeat the question?
>
> THE COURT: Yes, yes I can.
>
> MR. COOPER: Or it was a statement, not a question.
>
> DEFENDANT: The statement, Your Honor.
>
> THE COURT: Yeah, yeah. What I had – what I had said was that in your Guilty Plea Agreement, you have given up entirely your right to file a collateral appeal. Therefore, even if your federal constitutional rights or other important federal rights were violated by my sentence or by your imprisonment, you cannot file a Petition for Writ of Habeas Corpus or any other collateral appeal. However, as we discussed earlier this afternoon, you do not give up the right to assert any constitutional claims that the relevant case law says cannot be given up. That was the sentence in your plea bargain agreement that you asked me to explain to you, and I did.
>
> Now defendant and his lawyer are conferring again,
>
> \* \* \* \*

> (Whereupon, the defendant conferred briefly with counsel off the record.)
>
> - - - -
>
> THE COURT: Do you understand the statement that I repeated?
>
> DEFENDANT: Yes, I do, Your Honor.

(Plea Hr'g Tr. 113:14-25; 114:1-25; 115:1-16.)

In this case, the government agrees an error was made with respect to Petitioner's designation as an Armed Career Criminal. However, the gravity of this error is non-existent in light of the significantly-reduced sentence Petitioner ultimately received. Although the error involved a sentencing guideline and mandatory minimum calculation, it was of no consequence because absent the error, Petitioner would still be subject to the career offender enhancement. Moreover, Petitioner received concurrent sentences on Counts One, Three, Four, and Five, at least one or more of which could have potentially run consecutively, had the court—acting wholly within its discretion—elected to not adopt the parties' agreed-upon recommendation of 240 months. In the end, Petitioner was still sentenced significantly below what would have been his corrected recommended guidelines. Therefore, there has been absolutely no impact upon Petitioner. Although the impact on the government in correcting the error would presumably be negligible, there is no doubt that Petitioner acquiesced to the sentence he received and has benefitted therefrom.

During Judge Gardner's meticulous plea colloquy, he stated the following:

> THE COURT: In Count 5, you're charged with possession of a firearm by an armed career criminal. It's also known as possession of a firearm by a felon—or by a convicted felon it is sometimes referred to as.
> In Count 5, I can sentence you up to a lifetime imprisonment without release, but there is a mandatory minimum of 15 years imprisonment, which I must sentence you to.

<pre>
                                      * * * *
                    Do you understand the maximums and mandatory
                    minimum sentences concerning Count 5?

     DEFENDANT:     Yes.
</pre>

(Plea Hr'g Tr. 81:14-22; 82:6-8.)

The court again reviewed this information with Petitioner at his Sentencing, after the Presentence Investigation had been prepared and submitted to Petitioner for review without objection. In reviewing said information, the court did not reference any reliance on Petitioner's status as an "armed" career offender, but instead, simply referenced his career offender status:

<pre>
     THE COURT:     The sentencing range here is 352 to 425 months.
                    That guideline range is reached as a result of the
                    criminal history of Mr. Rivera, because he is,
                    unfortunately, designated as a career offender, and
                    because he's designated as a career offender the
                    guideline range is impacted severely.

                                      * * * *

                    There are a number of mandatory minimum
                    sentences in connection with these offenses. For
                    Count I five years, for Count II a mandatory
                    consecutive five year minimum sentence. For
                    Count III a mandatory ten year sentence. And for
                    Count V a mandatory fifteen year sentence. And
                    while I could make all of these except Count II
                    concurrent the Count II five year mandatory
                    minimum must be consecutive under the law, so the
                    effect of all of that is the mandatory minimum
                    sentence which the defendant could serve here is
                    twenty years; the greatest of the mandatory
                    minimums, the fifteen years provided in Count V,
                    with the two other five years mandatory minimums
                    being concurrent to that but the five year mandatory
                    consecutive minimum in Count II being consecutive
                    to that, so the fifteen plus the five equaling twenty
                    years of mandatory minimum sentence, which is, of
                    course, the sentence that both parties have agreed to
                    and that I have approved and imposed here.
</pre>

(Sent'g Tr. 13:16-20; 51:2-17.)

Again, Petitioner had time to review the Presentence Investigation Report and made no objection to same. This, coupled with his collateral appeal waiver and the fact that Judge Gardner did not explicitly rely on an "armed" career offender status, mandates that the sentence stand. This Court finds no miscarriage of justice, as it was completely within Judge Gardner's discretion to sentence Petitioner as he did, even absent any "armed" career offender designation.

### 2. Timeliness

Petitioner further concedes that the instant Petition is untimely. (Pet'r's Mot. Vac. 3.) However, he proceeds to rely upon a 2013 Supreme Court holding to argue trial counsel's ineffectiveness during Petitioner's criminal proceedings (which ended in 2011) and to dispute the otherwise untimely nature of this Petition. (Pet'r's Mot. Vac. 5; *Descamps v. United* States, 570 U.S. 254 (2013) (clarifying what circumstances could trigger application of the career offender enhancement)).[4]

### a. Ineffectiveness

To prove that counsel was ineffective, Petitioner must establish that: (1) "counsel's performance was deficient[;]" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Jansen v. United States*, 369 F.3d 237, 243 (3d. Cir. 2004). Deficient performance "requires showing that counsel made errors so serious that he or she was not functioning as the 'counsel guaranteed to the defendant by the Sixth Amendment.'" *Id.* In essence, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 688.

---

[4] This Court has also reviewed Petitioner's Reply to the Government's Response. (ECF No. 101.) Said Reply does not offer anything that would alter the result regarding timeliness and ineffective assistance of counsel.

Petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 690 (quoting *Michel v. Louisiana*, 250 U.S. 91, 101 (1955)). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Grant v. Lockett*, 709 F.3d 224, 234 (3d Cir. 2013) (quoting *Strickland*, 466 U.S. at 689). In raising an ineffective assistance claim, Petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." *Strickland*, 466 U.S. at 690. Next, the court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." *Id*.

To establish prejudice, Petitioner must demonstrate that counsel's errors were serious enough to deprive him of a fair trial—that counsel's alleged errors "actually had an adverse effect on the defense." *Id*. at 687, 693. In other words, "[t]he defendant must show that there is a reasonable probability that, ***but for*** counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694 (emphasis added).

In this case, counsel cannot be deemed ineffective for failing to comply with legal precedent—namely, *Descamps—*that was not in effect at the time of representation. Further, Petitioner received a tremendous benefit from the terms of the plea agreement negotiated by counsel and has not even attempted to demonstrate that "***but for*** counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[5] Most

---

[5] This Court is aware that "the incorrect computation of a mandatory Guidelines range based on misclassification of the defendant as a career offender is at least as serious as [failure by a court to advise someone of appellate rights] and thus should also be cognizable [on collateral review] ***where the mistake prejudices the defendant***." *United States v. Doe*, 810 F.3d 132, 159 (3d Cir. 2015) (emphasis added). Petitioner presumably omits any discussion of prejudice because there was none.

importantly though, Petitioner has not demonstrated the existence of any exception to the timeliness requirement of § 2255.

As will be discussed further below, Petitioner seeks leave to amend his Petition. In one of his proposed amendments, Petitioner asserts it was not until he presented his case to "jailhouse lawyers" that he realized his trial counsel was ineffective. This contention by Petitioner does not satisfy the "due diligence" requirement set forth in 28 U.S.C. § 2255(f)(4) and cannot save an otherwise untimely Petition.

It is well settled that ignorance of the law does not constitute an exception to the timeliness requirements of Section 2255. *See Lewis v. Ferguson,* Civ. No. 16-2882, 2017 U.S. Dist. LEXIS 137889, at *11 (E.D. Pa. March 24, 2017) (reiterating that ignorance of the law is not an adequate basis upon which to excuse an untimely habeas petition by an incarcerated, *pro se* litigant); *Alexander v. Klem,* Civ. No. 04-2174, 2005 U.S. Dist. LEXIS 6074, at *10 (E.D. Pa. April 8, 2005) (finding habeas petition untimely because "'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing,' and [does not] excuse plaintiff from diligently investigating and pursuing his [collateral claims].") (internal citation omitted); *Garrick v. Vaughn*, Civ. No. 00-4845, 2003 U.S. Dist. LEXIS 26203, at *10 (E.D. Pa. Sept. 5, 2003) ("Courts will not toll a limitations statute where the late filing resulted from a lack of due diligence by the filing party, or a mistake or lack of knowledge of the applicable law.") In

---

The sentence agreed upon by Petitioner and the government—240 months— was well below the adjusted recommended guideline range of 352 to 425 months. Assuming *arguendo* the enhancement had never been presented in the Presentence Investigation Report, Petitioner still reaped the benefits of the agreement, as Judge Gardner sentenced Petitioner to a term that was *more than **nine years below** the lowest end* of the suggested guideline range. To the extent Petitioner argues "[i]f a sentence that was correct when it was imposed can later be refashioned to maintain it's [sic] correctness, it would be strange to conclude that an incorrect sentence can never be made correct[,]" his failure to raise this issue in a timely fashion precludes him from doing so now. (Pet'r's Mot. Vac. 6.)

situations where—as here—a petitioner "[knew] the factual basis of his claim at the time sentence was imposed, but [is now claiming] that he was unable to discover the legal basis of his claim because he is not knowledgeable in the law[,]" due diligence is not satisfied. *United States v. Maldanado*, Civ. No. 97-4088, 1997 U.S. Dist. LEXIS 8869, at *5-6 (E.D. Pa. 1997). This is so because "[u]nder the explicit terms of the statute, as well as the federal common law version of the 'discovery rule,' a claim accrues when the defendant knows the facts underlying his claim, not the legal basis for any claim which may arise from those facts." *Maldanado*, 1997 U.S. Dist. LEXIS 8869, at *5-6 (citing 28 U.S.C. § 2255). Therefore, once Petitioner herein became aware of the facts that formed the basis for application of an "armed career criminal" enhancement,[6] he, "like any other prisoner, became responsible for investigating any legal claim which may have arisen from the facts as explained to him." *Maldanado*, 1997 U.S. Dist. LEXIS 8869, at *6. *See also United States v. Taylor,* Crim. Nos. 03-238, 05-148, 2015 U.S. Dist. LEXIS 82640, at *7-8 (W.D. Pa. 2015) (Where "Petitioner admits that he had knowledge that he could file such a motion, but simply lacked the legal assistance and materials to do so[,]" court concluded said "lack of legal assistance or legal resources . . . do not show that he exercised reasonable diligence in investigating and bringing his claims, and they certainly do not demonstrate extraordinary circumstances preventing him from filing his [2255] motion.").

In accordance with the foregoing, Petitioner's claim of ineffectiveness does not save this otherwise untimely Petition.

---

[6] Although Petitioner was presumably aware of these facts before he signed the plea agreement, the court's colloquy confirmed that Petitioner had knowledge of same on September 1, 2010, at the latest. (Plea Hr'g Tr. 20:6-25; 31:1-10; 138:11-25; 139:1-25; 140:1-22; 142:1-25; 143; 1-25; 144:1-25; 145:1-25; 146:1-25.)

13

### b. Retroactive Application of *Descamps*

Petitioner further claims his Petition should nevertheless be excused from the time limitations of Section 2255 because *Descamps* constitutes a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" pursuant to 28 U.S.C. 2255(f)(3). This is simply incorrect. *See In re Johnson*, C.A. No. 17-2734, 2017 U.S. App. LEXIS 27240, at *1 (3d Cir. Sept. 12, 2017) (rejecting a Petitioner's request to file and untimely successive habeas petition based on the ruling in *Descamps* because it did not "announce[] a new rule of constitutional law" and was therefore not an exception to the timeliness requirements of Section 2255); *see also United States v. Bryant*, Crim. No. 03-838-1, 2017 U.S. Dist. LEXIS 164930, at *2-3 (E.D. Pa. Oct. 4, 2017) (finding *Descamps* does not announce a new rule of law and is not to be applied retroactively); *United States v. Nobles*, Crim. No. 07-29, 2015 U.S. Dist. LEXIS 32395, at *4 (E.D. Pa. March 17, 2015) (recognizing that "[n]o court has concluded that *Descamps* is retroactive" and determining that "because there was no retroactively applicable new right to restart the running of a new one-year limitation period, [Petitioner's] motion [was] untimely.").

Although Petitioner faults counsel for failing to comply with the underlying premise of *Descamps*, he subsequently argues as follows:

> One of the most recent cases relied on by the Descamps Court – Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265, 176 L.Ed. 2d 1 (2010) – was decided well before February 9, 2011, the date the Third Circuit affirmed Jason Rivera's sentence. It is impossible to avoid the conclusion [sic] that the rule of Descamps was dictated by precedent already existing when Rivera's conviction became final. Because it reiterated an old rule, Descamps need not meet the special tests of Teague and need not be declared by the Supreme Court to be retroactive in order to apply to cases on collateral review. Descamps applies to all cases where it is pertinent, whether on direct or collateral review.

(Pet'r's Mot. Vac. 7.)[7]

Petitioner's contention necessarily undermines his claim that the untimeliness of his Petition should be excused by reason of the 2013 *Descamps* decision. In any event, he is not excused from the timeliness requirements of Section 2255.[8]

### 3. Merits of Claim Under Section 2255

Putting aside the preclusive effect of this untimely Petition, Petitioner is nevertheless not entitled to relief under 28 U.S.C. § 2255(a).

The government does not contest the fact that "two of [Petitioner's] three prior convictions did not qualify as predicate offenses for purposes of the ACCA." (Resp. Mot. Vac. 4.) However, they correctly note that regardless, Petitioner "still would have been categorized as a Career Offender and his guideline range sentence would remain unaffected by his categorization as an Armed Career Criminal" therefore Petitioner "received a substantial benefit from the C-Plea." (Resp. Mot. Vac. 4.)

As discussed above, in order for a timely 2255 Petition to warrant relief, a petitioner must demonstrate that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). For the reasons previously highlighted, none of these circumstances exist.

---

[7] The Third Circuit did not affirm Petitioner's sentence on February 9, 2011, as that was the date upon which sentence was imposed in this matter.

[8] This Court has also reviewed Petitioner's Reply to the Government's Response. (ECF No. 101.) Said Reply does not offer anything that would alter the result regarding retroactive application of *Descamps*.

### B. Motion to Correct Clerical Error

Petitioner seeks correction of one portion of the Presentence Investigation Report prepared on December 29, 2010 by United States Probation Officer Jason W. Fury. In particular, it is requested that the front page of the Report be corrected to reflect that under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), the mandatory minimum was five (5) years' imprisonment, as opposed to ten (10). (Mot. Correct Error 1-2, ECF No. 96.) Petitioner is not merely seeking to correct a clerical error; he is instead attempting to substantially alter information to a form that was not intended when originally recorded.[9] *See Gonzalez-Rivera v. United States,* Crim No. 92-0055-1, 2007 U.S. Dist. LEXIS 80918, at *17 (E.D. Pa. Oct. 31, 2007) ("Under Rule 36, clerical error refers to 'a failure to accurately record a statement or action by the court or one of the parties,' and the Rule 'provides no basis to correct substantive errors in the sentence.'") (quoting *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005)). Inasmuch as the requested relief would be contrary to the intended purpose of the Rule, Petitioner's Motion shall be denied.

### C. Motions for Leave to Amend

Petitioner has filed two Motions for Leave to Amend. The first motion essentially seeks to supplement Petitioner's 2255 ineffectiveness claim to add new allegations regarding trial counsel's purported failure to recognize Petitioner was being punished twice for the same crime (as contained in Counts One and Three of the Indictment). (Def.'s Mot. Leave Am. 1-4, 6, ECF No. 103.) The first motion also seeks to add a claim that Petitioner is entitled to retroactive application of the Fair Sentencing Act of 2010. (Def.'s Mot. Leave Am. 5, ECF No. 103.)

In Petitioner's Second Motion for Leave to Amend, he seeks to: invoke *U.S. v. Mathis*, 136 S. Ct. 2243 (2016) retroactively (Def.'s Second Mot. Leave Am. 3-7, 10-11, ECF No. 110);

---

[9] *See* Plea Hr'g Tr. 90:5-12; Sent'g Tr. 51:5.

claim the sentencing court was without jurisdiction to impose an enhanced sentence under 18

U.S.C. § 924(e) because of Petitioner's "actual innocence" regarding the predicate offenses

(Def.'s Second Mot. Leave Am. 7-10, ECF No. 110); claim several procedural errors by the trial

court regarding administration of the oath and plea colloquy (Def.'s Second Mot. Leave Am. 12-

29, ECF No. 110); claim the existence of a miscarriage of justice on new grounds (Def.'s Second

Mot. Leave Am. 29-30; ECF No. 110); and, request that an evidentiary hearing be held and that

counsel be appointed (Def.'s Second Mot. Leave Am. 31-32; ECF No. 110).

To the extent this Court has already determined the instant Petition to be untimely,

nothing presented in either of the two requests for leave to amend is of any consequence to that

finding. With respect to Petitioner's supplemental ineffectiveness claims, he asserts it was not

until he presented his case to "jailhouse lawyers" that he realized his trial counsel was

ineffective. For reasons discussed above, this contention by Petitioner does not satisfy the "due

diligence" requirement set forth in 28 U.S.C. § 2255(f)(4) and cannot save an otherwise untimely

Petition. *See United States v. Martinez*, Crim. No. 09-669-3, 2017 U.S. Dist. LEXIS 42044, at

*15 (E.D. Pa. March 22, 2017) (concluding that a petitioner's "difficulty finding a jailhouse

lawyer to assist him" did not excuse an otherwise untimely 2255 motion and because "[the]

original § 2255 motion is time barred, [the petitioner's] proposed amendments are futile as they

would at best relate back to the filing date of the untimely original motion."). In this case, the

facts that form the bases for Petitioner's claims have been known to him since before his

sentencing date. Assuming for the sole purpose of this discussion that counsel was ineffective

with regard to the nature and qualifications of the predicate offenses, Petitioner still had three (3)

years, four (4) months, and fourteen (14) days to raise his claims.[10] Moreover, the lack of due diligence exhibited by Petitioner is not cured by his assertion that he did not possess the knowledge necessary to pursue these claims in a timely fashion. *See Ross v. Varano,* 712 F.3d 784, 798-800 (3d Cir. 2013) ("The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."). The same holds true for Petitioner's claims regarding procedural errors by the trial court.

With respect to the "actual innocence" claim set forth in his proposed amendments, he argued same in his originally filed 2255 Petition and for the reasons set forth above, this Court determined it to be of no consequence to the ultimate sentence imposed. To the extent Petitioner seeks to amend to invoke the *Mathis* holding, the same cannot be applied retroactively. *See United States v. Villella*, Civ. No. 16-544, 2017 U.S. Dist. LEXIS 64052, at *16 (W.D. Pa. Apr. 27, 2017) ("Insofar as Defendant's motion is actually based on *Mathis*, *Johnson I*, and other cases that have not been made retroactively applicable to cases on collateral review, it is untimely under § 2255(f)."). Finally, Petitioner's request for an evidentiary hearing and appointment of counsel is rendered moot by reason of this Court's determination that he waived his right to bring this Motion and that said Motion is untimely.

---

[10] This Court further notes that the Plea Colloquy transcripts were available on September 16, 2010 and the Sentencing transcripts were available on August 22, 2012, yet Petitioner's underlying § 2255 Motion was not filed until June 23, 2014.

## V. CONCLUSION

For the reasons set forth above, Petitioner's motions for relief under 28 U.S.C. § 2255, Fed.R.Crim.P. 36, and Fed.R.Civ.P. 15 shall be denied. A Certificate of Appealability shall not issue because this Court finds that Petitioner has failed to make a substantial showing of the denial of any constitutional right and that reasonable jurists would disagree with this Court's holding. *See* 28 U.S.C. § 2253(c)(2); *Keitt v. United States Parole Comm'n*, 238 F. App'x 755, 758 (3d Cir. 2007) ("To obtain a certificate of appealability, [a petitioner] must make a substantial showing of a denial of a constitutional right. To show such a denial, [the petitioner] must demonstrate that reasonable jurists could disagree about whether the district court's resolution of his claims was correct.") (internal citations omitted).

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II    J.